UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
RONALD VENTICINQUE, *pro se*,

                Plaintiff,

            -against-

RICHARD A. BROWN, in his official and
supervisory capacity,

                Defendant.
------------------------------------------------------------------ x

**SUMMARY ORDER**

09-CV-2861 (DLI)(MDG)

**DORA L. IRIZARRY, United States District Judge:**

*Pro se* plaintiff Ronald Venticinque is currently a prisoner at Auburn Correctional Facility. Plaintiff was convicted in New York State Supreme Court, Queens County, of robbery in the first degree and assault in the first degree in 2000. On June 22, 2009, plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that defendant Richard A. Brown, the Queens County District Attorney, violated his rights under the Fourteenth Amendment to the United States Constitution. Specifically, plaintiff claims that defendant's refusal to allow DNA testing of the knife that plaintiff was convicted of using in the robbery/assault denied him due process of law.[1] Contending that DNA testing will prove that the knife could not have caused the wounds sustained by the victim, plaintiff seeks a court order mandating such testing.

For the reasons set forth below, the action appears to be time-barred. In deference to his *pro se* status, plaintiff is directed to show cause, no later than thirty (30) days from the entry of this Order, *i.e.* on or before May 14, 2010, why his complaint should not therefore be dismissed *sua sponte*.

---

[1] Plaintiff raised this very issue in an unsuccessful petition for a writ of habeas corpus. *See Venticinque v. Burge*, 2005 WL 3369093, at *5 (E.D.N.Y. Dec. 12, 2005) (denying petition and rejecting claim that failure to conduct DNA test violated due process).

**DISCUSSION**

*Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted). Courts should "interpret [plaintiff's supporting papers] to raise the strongest arguments that they suggest." *Forsyth v. Fed'n Employment and Guidance Serv.*, 409 F.3d 565, 569 (2d Cir. 2005) (citation and internal quotation marks omitted). Though a court need not act as an advocate for *pro se* litigants, in such cases "there is a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Davis v. Kelly*, 160 F.3d 917, 922 (2d Cir. 1998) (citation omitted). However, a district court may dismiss a complaint *sua sponte* on statute of limitations grounds. *See Pino v. Ryan*, 49 F.3d 51, 54 (2d Cir. 1995). Generally, plaintiffs are entitled to notice and an opportunity to be heard before the court does so. *See Day v. McDonough*, 547 U.S. 198, 210 (2006); *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000).

Federal courts must apply the state statute of limitations period for § 1983 claims. *See* 42 U.S.C.A. § 1988(a) (2003); *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009); MARTIN A. SCHWARTZ & KATHRYN R. URBONYA, SECTION 1983 LITIGATION 167 (2d ed. 2008). In New York, the statute of limitations for § 1983 actions is three years. *Lynch v. Suffolk County Police Dep't Inc.*, 2009 WL 3287565, at *2 (2d Cir. Oct. 14, 2009); *see also Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2002). In contrast, when determining the date of accrual, federal law applies. *See Rene v. Jablonski*, 2009 WL 2524865, at *5 (E.D.N.Y. Aug. 17, 2009) (citing *M.D. v. Southington Bd. of Educ.*, 334 F.3d 217, 221 (2d Cir. 2003)). "Section 1983 claims generally accrue when the plaintiff knows or has reason to know of the injury, which is

the basis of [his] claim." SCHWARTZ & URBONYA at 168–69 (citations omitted); *see Rene*, 2009 WL 2524865, at *5; *see also Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002). The date on which a plaintiff knew or had reason to know that the injury was *actionable* is irrelevant. *See, e.g.*, *Oshiver v. Levin et al.*, 38 F.3d 1380, 1391 n.9 (3d Cir. 1994); *Hall v. Knott Co. Bd. Of Educ.*, 941 F.2d 402, 408–09 (6th Cir. 1991); *Frontera v. United States*, 2009 WL 909700, at *9 (W.D.N.Y. Mar. 31, 2009).

Plaintiff brought this action on June 22, 2009; thus, his injury must have accrued no earlier than June 22, 2006 to be timely. However, it appears that plaintiff—who was convicted in 2000—had reason to know of his alleged injury prior to that date. A court in this district recently held that a similarly-situated plaintiff would have had reason to know of this particular constitutional deprivation beginning on "August 27, 2001, the date on which a federal court first announced a federal constitutional right to DNA testing." *McKithen v. Brown*, 565 F. Supp. 2d 440, 450 (E.D.N.Y. 2008). Even if the plaintiff at bar did not have reason to know of his alleged injury on that date, he certainly appears to have had *actual* knowledge of his alleged injury on August 4, 2004, when he raised the same DNA testing issue in his petition for a writ of habeas corpus. *See Venticinque v. Burge*, 4-CV-3411 (FHB), Docket Entry No. 5, at 1; *see also Young v. Philadelphia Co. District Attorney's Office*, 2009 WL 278968, at *7 (E.D.Pa. Feb. 5, 2009) ("[I]t is clear that Plaintiff was aware of the exact nature of his constitutional injury by June 3, 2006, when he . . . listed, as a basis for his [habeas] petition, the same violations of his constitutional rights he raises in this action."). Accordingly, the latest plaintiff could have filed a timely § 1983 action in New York would have been three years later, on August 4, 2007.

As plaintiff instead filed this action in June 2009, nearly five years after his alleged injury

3

accrued, the action is time-barred unless the statute of limitations is tolled. "In § 1983 claims filed in New York, federal courts are required to apply the New York rule for tolling the statute of limitations." *Carmichael v. Hobbs*, 2010 WL 1193111, at *1 (2d Cir. Mar. 30, 2010) (citations omitted). While New York has codified a number of statutory tolling provisions, imprisonment does not itself act as a toll for prisoners bringing § 1983 claims. *See Pinaud v. County of Suffolk*, 798 F. Supp. 913, 922 (E.D.N.Y. 1992) (citations omitted). Furthermore, "[t]he fact that a prisoner does not, by virtue of his confinement, have twenty-four-hour-a-day access to the law library or a notary is not a basis for tolling the statute of limitations." *Andolina v. Kenny*, 2010 WL 786302, at *4 (N.D.N.Y. Mar. 3, 2010) (citations omitted). Besides statutory tolling, "New York law recognizes the doctrines of equitable tolling and equitable estoppel, which can overcome a statute of limitations defense if the 'plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.'" *Sanders v. NYC Dep't of Corr.*, 2009 WL 222161, at *4 (S.D.N.Y. Jan. 30, 2009) (quoting *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007)). However, plaintiff has not provided the court with any facts supporting the equitable tolling of his action.

## CONCLUSION

For the foregoing reasons, plaintiff is hereby directed to show cause by written affirmation, no later than May 14, 2010, why the statute of limitations should not bar his § 1983 action. Plaintiff should include any facts that would support the statutory or equitable tolling of the three-year state statute of limitations period in his response. An affirmation form is attached to this Order for plaintiff's convenience. No answer to the complaint shall be required at this time. Further proceedings are stayed until May 14, 2010, or until plaintiff complies with this Order, whichever is sooner. If plaintiff fails to timely comply, the action shall be dismissed as time-barred. The court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, NY
      April 14, 2010

                                      /s/
                                DORA L. IRIZARRY
                              United States District Judge

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
RONALD VENTICINQUE, *pro se*,            :
                                          :        **PLAINTIFF'S AFFIRMATION**
                        Plaintiff ,       :
                                          :        09-CV-2861 (DLI)(MDG)
            -against-                     :
                                          :
RICHARD A. BROWN,                         :
                                          :
                        Defendant.        :
-------------------------------------------------------- x
STATE OF _____   }
COUNTY OF _____    } SS:
```

RONALD VENTICINQUE makes the following affirmation under penalty of perjury:

I am the plaintiff in this action and I respectfully submit this affirmation in response to the Court's Order dated April __, 2010. The instant § 1983 action is not barred by the three-year statute of limitations because:

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____                       _____
                                             Signature

                                             _____
                                             Address

                                             _____
                                             City, State, and Zip Code