UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
RONALD VENTICINQUE, *pro se*, :
: **<u>SUMMARY ORDER</u>**
Plaintiff, :
: 09-CV-2861 (DLI)(MDG)
-against- :
:
RICHARD A. BROWN, in his official and :
supervisory capacity, :
:
Defendant. :
---------------------------------------------------------------- x
**DORA L. IRIZARRY, United States District Judge:**

On June 22, 2009, *pro se* plaintiff Ronald Venticinque filed this action pursuant to 42 U.S.C. § 1983, alleging that defendant Richard A. Brown, the Queens County District Attorney, denied him due process of law in violation of the Fourteenth Amendment to the United States Constitution. By Summary Order dated April 14, 2010, the court determined that the action appeared to be time-barred. *See Venticinque v. Brown*, 2010 WL 1486449, at *1 (E.D.N.Y. Apr. 14, 2010). However, in deference to plaintiff's *pro se* status, the court provided him notice and an opportunity to be heard, ordering him to show cause why his action should not be dismissed as untimely. *See id.* On May 10, 2010, plaintiff timely responded to the order to show cause. (Docket Entry No. 14.) For the reasons set forth below, plaintiff's response is insufficient, and the action is dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## BACKGROUND

Plaintiff, currently a prisoner at Auburn Correctional Facility, was convicted in Queens County Supreme Court in 2000 of robbery in the first degree and assault in the first degree. (Compl. 1, 5.) Pursuant to 42 U.S.C. § 1983, he seeks to have DNA testing performed on the knife he was convicted of using in the assault. (*Id.* at 1, 19.) Plaintiff contends that such DNA

testing will prove that the victim's blood was not on the knife, notwithstanding the eyewitness testimony to the contrary credited by the jury. (*See id.* at 12–14.) Critically, plaintiff does not deny stabbing the victim, and claims only that the steak knife he acknowledges using could not have inflicted the victim's injuries. (*See id.* at 70.) Thus, as a purely practical matter, it is not apparent how DNA testing of the knife in question would have been relevant to any issue that existed during the entirety of plaintiff's trial and appeal process.

## DISCUSSION

**A.    Standard of Review**

A district court may, *sua sponte*, dismiss a complaint on statute of limitations grounds. *See Pino v. Ryan*, 49 F.3d 51, 54 (2d Cir. 1995). Furthermore, with respect to *in forma pauperis* actions such as the one at bar, a "court *shall* dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii) (1996) (emphasis added). However, *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted). Though a court need not act as an advocate for *pro se* litigants, in such cases "there is a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Davis v. Kelly*, 160 F.3d 917, 922 (2d Cir. 1998) (citation omitted).

**B.    Statute of Limitations**

Federal courts apply the state statute of limitations period for § 1983 claims. *See* 42 U.S.C.A. § 1988(a) (2003); *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009); *see also* MARTIN A. SCHWARTZ & KATHRYN R. URBONYA, SECTION 1983 LITIGATION 167 (2d ed. 2008). In New York, the statute of limitations for § 1983 actions is three years. *Lynch v. Suffolk*

*County Police Dep't Inc.*, 2009 WL 3287565, at *2 (2d Cir. Oct. 14, 2009); *see also Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2002). Plaintiff brought this action on June 22, 2009. (*See* Docket Entry No. 1.) Thus, in order to be timely, his claim must have accrued no earlier than June 22, 2006.

In determining the date of accrual, federal law applies. *See Rene v. Jablonski*, 2009 WL 2524865, at *5 (E.D.N.Y. Aug. 17, 2009) (citing *M.D. v. Southington Bd. of Educ.*, 334 F.3d 217, 221 (2d Cir. 2003)). "Section 1983 claims generally accrue when the plaintiff knows or has reason to know of the injury, which is the basis of [his] claim." SCHWARTZ & URBONYA, at 168–69 (citations omitted); *see Rene*, 2009 WL 2524865, at *5; *see also Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002). The date on which a plaintiff knew or had reason to know that the injury was *actionable* is irrelevant. *See, e.g.*, *Oshiver v. Levin et al.*, 38 F.3d 1380, 1391 n.9 (3d Cir. 1994); *Hall v. Knott Co. Bd. Of Educ.*, 941 F.2d 402, 408–09 (6th Cir. 1991).

Here, there is no question that plaintiff had reason to know of his injury more than three years prior to the filing of the instant action. Plaintiff was convicted in 2000, and would have had reason to know of this particular alleged constitutional deprivation beginning on August 27, 2001, "the date on which a federal court first announced a federal constitutional right to DNA testing." *McKithen v. Brown*, 565 F. Supp. 2d 440, 450 (E.D.N.Y. 2008). Even assuming, *arguendo*, that plaintiff did not have *reason* to know of his injury on that date, he clearly had *actual* knowledge of his injury no later than August 4, 2004 (*see Venticinque v. Burge*, 4-CV-3411 (FHB), Docket Entry No. 5, at 1), when he raised the same DNA issue in his petition for a writ of habeas corpus.[1] As well over three years elapsed between August 4, 2004 and June 22,

---

[1] *See Young v. Philadelphia Co. District Attorney's Office*, 2009 WL 278968, at *7 (E.D.Pa. Feb. 5, 2009) ("[I]t is clear that Plaintiff was aware of the exact nature of his constitutional injury by [the date on which] he . . . listed, as a basis for his [habeas] petition, the same violations of his

2009, when plaintiff filed the instant § 1983 action, the action is time-barred unless some tolling provision applies.[2] With respect to the latter, although plaintiff makes vague references to "compelling," "exceptional," and "extraordinary circumstances," as well as "reason[s] beyond my control" and "concealed material facts," he sets forth no actual facts that would support the statutory or equitable tolling of the three-year statute of limitations. (*See* Docket Entry No. 14, at 8–10.) Accordingly, there is no basis on which to toll the statute of limitations, and his action is untimely. *See Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) ("If a plaintiff cannot articulate any acts by defendants that prevented him from timely commencing suit then he has failed to meet his burden of showing that he was wrongfully induced by defendants not to commence suit.") (citations and internal quotation marks omitted).

**C.     Merits of Underlying Section 1983 Claim**

Even if the court ignored the statute of limitations, the action still fails to state a claim for which relief can be granted. Section 1983 provides a cause of action to those wronged by a "misuse of state power . . . made possible . . . because the wrongdoer is clothed with the authority of state law." *United States v. Giordano*, 442 F.3d 30, 42–43 (2d Cir. 2006) (citations and internal quotation marks omitted). "To state a claim against an individual under Section

---

constitutional rights he raises in this action."). Notably, the district court that heard plaintiff's habeas petition considered—and rejected—this very claim. *See Venticinque v. Burge*, 2005 WL 3369093, at *5 (E.D.N.Y. Dec. 12, 2005). Thus, notwithstanding the fact that he is time-barred, plaintiff is estopped from re-litigating this issue. *See Williams v. Ward*, 556 F.2d 1143, 1153 (2d Cir. 1977); *Rullo v. Rodriguez*, 604 F. Supp. 366, 370 (D.C.N.Y. 1985); *see also Kolb v. Co. of Suffolk*, 1986 WL 10491, at *8 n.14 (E.D.N.Y. July 22, 1986) ("[T]he principles of res judicata and collateral estoppel are fully applicable in § 1983 actions.").

[2] *See Patterson*, 375 F.3d at 225. Plaintiff contends that his claim did not in fact accrue until the Second Circuit's *en banc* rehearing of his habeas petition on October 3, 2007. (Docket Entry No. 14, at 2–3.) Notwithstanding the fact that there is no record of plaintiff ever appealing the denial of his habeas petition to the Second Circuit, such a contention has no basis in law, and plaintiff appears to have conflated § 2254 exhaustion requirements with § 1983 statute of limitations jurisprudence.

1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Meyer v. William Floyd Union Free School Dist.*, 2009 WL 3327208, at *4 (E.D.N.Y. Sept. 30, 2009) (citations and internal quotation marks omitted); *see also Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005).

Here, plaintiff claims the Queens County District Attorney's refusal to order DNA testing of the knife deprived him of his right to due process under the Fourteenth Amendment. However, it is well established that "the prosecutor's failure to conduct forensic tests does not violate a federal right." *Venticinque v. Burge*, 2005 WL 3369093, at *5 (citing *Arizona v. Youngblood*, 488 U.S. 51, 58–59 (1988)). Any heightened responsibility on the part of this court to ensure "that justice is done," *Davis*, 160 F.3d at 922, is negated by the fact that plaintiff does not claim actual innocence.

## CONCLUSION

For the foregoing reasons, this action is dismissed in its entirety. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). With respect to plaintiff's motion requesting adjustment of the court's *in forma pauperis* Order, the Clerk of the Court is directed to mail a copy of this Order to both *pro se* plaintiff and defendant. No other action on the part of defendant is required.

SO ORDERED.

Dated:     Brooklyn, New York
              September 23, 2010

_____/s/_____
DORA L. IRIZARRY
United States District Judge